# Exhibit 1

James E. Magleby (7247)
  magleby@mcpc.law
Jennifer Fraser Parrish (11207)
  parrish@mcpc.law
Yevgen Kovalov (16297)
  kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 West Pierpont Avenue
Salt Lake City, Utah 84101
Tel.: (801) 359-9000
Fax: (801) 359-9011

Marc H. Edelson (*pro hac vice*)
  medelson@edelson-law.com
Liberato P. Verderame (*pro hac vice*)
  lverderame@edelson-law.com
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: 267-685-0676

Andrew W. Ferich (*pro hac vice)*
  aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: 310.474.9111
Fax: 310.474.8585

*Attorneys for Plaintiffs Minter, Coucil, and Sandoval*

Jason R. Hull (11202)
  jhull@mohtrial.com
Anikka T. Hoidal (16489)
  ahoidal@mohtrial.com
**MARSHALL OLSON & HULL, PC**
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
Telephone: 801.456.7655

Tyler J. Bean*
  tbean@sirillp.com
Neil P. Williams*
  nwilliams@sirillp.com
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: 212.532.1091

*Attorneys for Plaintiffs Meza and Savoy*

**Pro hac vice admission pending*

[Additional counsel listed in signature block]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| JEFFREY ALONZO MINTER, on his own behalf and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>FINWISE BANK, FINWISE BANCORP, and AMERICAN FIRST FINANCE,<br><br>  Defendants. | **UNOPPOSED AMENDED JOINT MOTION TO CONSOLIDATE CASES**<br><br>Case No. 2:25-cv-00569-JNP-CMR<br><br>Hon. Jill N. Parrish |

1

| | |
|---|---|
| BERTHA MEZA and LATISE SAVOY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FINWISE BANK,<br><br>Defendant. | Case No. 2:25-cv-00636-DBP<br><br>Hon. Dustin P. Pead |
| KEEBA COUCIL and RAYMOND DELGADO SANDOVAL, on their own behalf and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FINWISE BANK, FINWISE BANCORP, and AMERICAN FIRST FINANCE,<br><br>Defendants. | Case No. 2:25-cv-00642-AMA-JCB<br><br>Hon. Ann Marie McIff Allen |
| JOHN BROOKS, individually and on behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK,<br><br>Defendant. | Case No. 2:25-cv-00645-CMR<br><br>Hon. Cecilia M. Romero |
| RON PROSKY, individually and on behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK and AMERICAN FIRST FINANCE,<br><br>Defendants. | Case No. 2:25-cv-00651-HCN<br><br>Hon. Howard C. Nielson, Jr. |

2

|  |  |
|---|---|
| KYLE GANNON, individually and on behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK,<br><br>Defendant. | Case No. 2:25-cv-00654-JNP-DAO<br><br>Hon. Jill N. Parrish |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 42(a) and DUCivR 42-1, Plaintiffs Jeffrey Alonzo Minter, Bertha Meza, Latise Savoy, Keeba Coucil, Raymond Delgado Sandoval, John Brooks, Ron Prosky and Kyle Gannon ("Plaintiffs"), through their respective counsel of record, jointly seek an Order from this Court consolidating *Minter v. FinWise Bank et al.*, No. 2:25-cv-00569-JNP-CMR; *Meza et al. v. FinWise Bank*, No. 2:25-cv-00636-DBP; *Coucil et al. v. FinWise Bank et al.*, No. 2:25-cv-00642-AMA-JCB; *Brooks v. FinWise Bank*, No. 2:25-cv-00645-CMR; *Prosky v. FinWise Bank et al.*, No. 2:25-cv-00651-HCN and *Gannon v. FinWise Bank*, No. 2:25-cv-00654-JNP-DAO (the "Related Actions").

Consolidation of the Related Actions is appropriate under considerations of convenience, judicial economy, cost reduction, and the interests of the putative class. The Related Actions all pertain to a data breach that impacted the network systems of Defendants FinWise Bank, FinWise Bancorp, and American First Finance ("Defendants"). These cases arise from the same nucleus of common facts, and all share the same common defendant. Consolidating the Related Actions for all purposes will promote the interests of judicial economy and convenience with no prejudice to the parties and the putative class.

3

Counsel for Plaintiffs have conferred with counsel for Defendants, and Defendants do not oppose the relief requested by this motion.

## II. BACKGROUND

Defendant FinWise bank is a chartered bank based in Utah; Defendant FinWise Bancorp is its parent company (collectively, "FinWise"). Defendant American First Finance ("AFF") provides consumer installment loans, retail installment agreement servicing and leasing, and lease-to-own, rent-to-own, or rental-purchase services to third parties, including FinWise. On or about May 31, 2024, Defendants experienced a data breach when a former employee accessed and exfiltrated the sensitive personally identifiable information ("PII") of Defendants' customers, including Plaintiffs (the "Data Breach"). The PII exposed includes, but is not limited to, names, dates of birth, Social Security numbers, and account numbers. According to FinWise's announcement of the Data Breach, made fourteen months after the Data Breach occurred, the impacted data also data obtained and/or maintained by AFF.

The Related Actions are putative class actions filed in response to the Data Breach. There are currently six actions pending in the District of Utah arising out of the Data Breach: *Minter v. FinWise Bank et al.*, No. 2:25-cv-00569-CMR, filed July 30, 2025; *Meza et al. v. FinWise Bank*, No. 2:25-cv-00636-DBP, filed August 1, 2025; *Coucil et al. v. FinWise Bank et al.*, No. 2:25-cv-00642-AMA, filed August 4, 2025; *Brooks v. FinWise Bank*, No. 2:25-cv-00645-CMR, filed August 4, 2025; *Prosky v. FinWise Bank et al.*, No. 2:25-cv-00651-HCN, filed August 6, 2025 and *Gannon v. FinWise Bank*, No. 2:25-cv-00654-JNP-DAO, filed August 6, 2025. All the Related Actions name FinWise Bank as a defendant and assert largely similar counts on behalf of Plaintiffs and various putative classes of individuals affected by the Data Breach, including negligence, breach of contract, and unjust enrichment.

4

### III. ARGUMENT

FRCP 42(a) empowers the Court to consolidate actions if the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Dreger v. Progressive Leasing LLC*, No. 2:23-cv-00783-DBB-CMR, 2024 WL 115854, at *2 (D. Utah Jan. 10, 2024). First, the Court must decide whether the actions involve a common question of law or fact. *Dreger*, 2024 WL 115854, at *2. The Court then "weigh[s] the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Id.* Under Local Rule DUCivR 42-1, a party may seek consolidation where the cases "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." DUCivR 42-1(a). "Consolidation is a question of convenience and economy in judicial administration, and this court is given broad discretion to decide whether consolidation under Fed. R. Civ. P. 42 would be desirable." *XPO Logistics, Inc. v. Peterson*, No. 2:15-cv-00703-CW-DAO, 2022 WL 1469397, at *2 (D. Utah May 6, 2022).

Here, the Related Actions unquestionably satisfy the requirements of FRCP 42(a) and DUCivR 42-1(a). The Related Actions are all of the same nature in that each seeks certification of a class of persons affected by the Data Breach; alleges that class members suffered harm as a result of the Data Breach because their PII was exposed to third parties without their authorization; and seeks damages and equitable relief. The Related Actions all arise out of the same event: the Data Breach that affected Defendants. Plaintiffs are each current or former customers of Defendants.

The Related Actions require the determination of the same questions of law because each brings overlapping claims against Defendants (including negligence, breach of contract, and unjust enrichment), alleges Defendants violated their duty to protect its customers' PII, and alleges Defendants owe damages to those affected by the Data Breach. Since the Related Actions raise similar questions of law and fact, consolidation is appropriate. *E.g.*, *Dreger*, 2024 WL 115854, at *2 (consolidating data breach class actions where plaintiffs were affected by a data breach and plaintiffs alleged the same legal theories and sought the same relief); *Deevers v. Wing Fin. Servs. LLC*, No. 22-cv-0550-CVE-JFJ, 2023 WL 4026106, at *2 (N.D. Okla. Mar. 1, 2023) (consolidating data breach class actions where "class action claims asserted by both plaintiffs will depend on the same liability determination"); *Beasley v. TTEC Servs. Corp.*, No. 22-cv-00097-PAB-NYW, 2022 U.S. Dist. LEXIS 65826, at *3 (D. Colo. Apr. 8, 2022) (consolidating data breach class actions that involved "the same underlying facts and the same defendant").

Consolidation will serve the goals of judicial efficiency and avoidance of inconsistent verdicts by eliminating duplicative and overlapping litigation. *See Skaggs v. Level 3 Communs., Inc.*, No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo. Feb. 24, 2009) ("The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial officers to address and rule on substantially the same issues in three different cases."). For example, to prepare for each trial, the parties will engage in nearly identical discovery, depose the same witnesses, and gather the same evidence to prove their shared claims. Upon consolidation, the Court will be able to address the factual and legal issues raised in the Related Actions in one proceeding, streamlining the resolution of each case and avoiding inconsistency. *See Dreger*, 2024 WL 115854, at *3 ("The court and the parties would conserve resources by not having to conduct [multiple] iterations of discovery and motion practice. And

6

combining the cases will prevent any possible inconsistent rulings on the same facts."); *Skaggs*, 2009 WL 458682, at *2; *Deevers*, 2023 WL 4026106, at *2.

Further, there is no risk of prejudice to any party as the Related Actions are all in their procedural inception. Defendants have yet to file a response in any of the Related Actions, and discovery has not yet begun in any of the Related Actions. At this early stage of the proceedings, consolidation will not cause prejudice to any party. *Dreger*, 2024 WL 115854, at *3 (finding a "negligible risk of delay, confusion, or prejudice" where the cases were all "in the early stages of litigation" and no motions had been filed).

Courts consistently find that overlapping data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *Darrin v. Huntington Ingalls Indus.*, No. 4:23-cv-53, 2023 WL 4938072, at *1 (E.D. Va. July 6, 2023) (consolidating cases arising "out of the same alleged data breach, in which unknown individuals obtained access to the defendants' information network, allegedly causing harm to the plaintiffs"); *Rubenstein v. Scripps Health*, No. 21cv1135-GPC(MSB), 2021 WL 4554569, at *2 (S.D. Cal. Oct. 5, 2021) (granting motion to consolidate data breach cases that "involve the same underlying facts and substantially similar questions of law"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210-FtM-99MRM, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ("[I]t is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged data breach."). There is no reason to reach a different conclusion here, and consolidation of the Related Actions pursuant to FRCP 42(a) is warranted.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs Jeffrey Alonzo Minter, Bertha Meza, Latise Savoy, Keeba Coucil, Raymond Delgado Sandoval, John Brooks, Ron Prosky and Kyle Gannon

7

respectfully request that the Court grant their motion; consolidate the Related Actions; and enter the Proposed Order submitted herewith.

Defendants do not oppose the relief requested by this motion.

Dated: September 16, 2025

Respectfully submitted,

/s/ Jennifer Fraser Parrish
James E. Magleby (7247)
  magleby@mcpc.law
Jennifer Fraser Parrish (11207)
  parrish@mcpc.law
Yevgen Kovalov (16297)
  kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 West Pierpont Avenue
Salt Lake City, Utah 84101
Tel.: (801) 359-9000
Fax: (801) 359-9011

Marc H. Edelson (*pro hac vice*)
  medelson@edelson-law.com
Liberato P. Verderame (*pro hac vice*)
  lverderame@edelson-law.com
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: 267-685-0676

Andrew W. Ferich (*pro hac vice*)
  aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: 310.474.9111
Fax: 310.474.8585

*Attorneys for Plaintiffs Minter, Council, and Sandoval*

8

/s/ Jason R. Hull
(Signed by filing attorney with permission from Jason R. Hull via email on 9/16/25)
Jason R. Hull (11202)
jhull@mohtrail.com
Trevor C. Lang (14232)
tlang@mohtrial.com
**MARSHALL OLSON & HULL, PC**
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
Tel: 801.456.7655

Tyler J. Bean*
   tbean@sirillp.com
Neil P. Williams*
   nwilliams@sirillp.com
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: 212.532.1091

*Attorneys for Plaintiffs Meza and Savoy*


/s/ Matthew J. Morrison
(Signed by filing attorney with permission from Matthew J. Morrison via email on 9/16/25)
Matthew J. Morrison (14562)
   matt@oremlawoffice.com
**MORRISON LEGAL SOLUTIONS**
1887 N 270 E
Orem UT 84057
Telephone: (801) 845-2581

Manuel S. Hiraldo, Esq.*
   mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: 954.400.4713

9

Rachel Dapeer*
   rachel@dapeer.com
**DAPEER LAW P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Tel: 305-610-5223

*Attorneys for Plaintiff Brooks*


/s/ Timothy W. Emery
(Signed by filing attorney with permission from Timothy W. Emery via email on 9/16/25)
Timothy W. Emery (12318)
   emeryt@emeryreddy.com
**EMERY REDDY, PLLC**
600 Stewart St., Suite 1100,
Seattle, WA 98101
Telephone: 206.442.9106

Scott Edward Cole*
   sec@colevannote.com
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800

*Attorneys for Plaintiff Prosky*

/s/ Jared D. Scott
(Signed by filing attorney with permission from Jared D. Scott via email on 9/16/25)
Jared D. Scott (15066)
   jscott@aklawfirm.com
Jacob D. Barney (16777)
   jbarney@aklawfirm.com
**ANDERSON & KARRENBERG**
50 W. Broadway, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Fax: (801) 364-7497

10

David S. Almeida*
   david@almeidalawgroup.com
Elena Belov*
   elena@almeidalawgroup.com
**ALMEIDA LAW GROUP**
849 W. Webster Ave.
Chicago, IL 60614
Telephone: (708) 529-5418

*Attorneys for Plaintiff Gannon*

*\*Pro hac vice admission pending*

11

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of Magleby Cataxinos, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **UNOPPOSED AMENDED JOINT MOTION TO CONSOLIDATE CASES** was provided to counsel of record through the Court's CM/ECF system this 16th day of September, 2025.

/s/ Hi Evan Gibson

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY ALONZO MINTER, on his own behalf and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FINWISE BANK, FINWISE BANCORP, and AMERICAN FIRST FINANCE,<br><br>    Defendants. | **ORDER GRANTING UNOPPOSED AMENDED JOINT MOTION TO CONSOLIDATE CASES**<br><br>Case No. 2:25-cv-00569-JNP-CMR<br><br>Hon. Jill N. Parrish |
| BERTHA MEZA and LATISE SAVOY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FINWISE BANK,<br><br>    Defendant. | Case No. 2:25-cv-00636-DBP<br><br>Hon. Dustin P. Pead |
| KEEBA COUCIL and RAYMOND DELGADO SANDOVAL, on their own behalf and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FINWISE BANK, FINWISE BANCORP, and AMERICAN FIRST FINANCE,<br><br>    Defendants. | Case No. 2:25-cv-00642-AMA-JCP<br><br>Hon. Ann Marie McIff Allen |

1

| | |
|---|---|
| JOHN BROOKS, individually and on behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK,<br><br>Defendant. | Case No. 2:25-cv-00645-CMR<br><br>Hon. Cecilia M. Romero |
| RON PROSKY, individually and on behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK and AMERICAN FIRST FINANCE,<br><br>Defendants. | Case No. 2:25-cv-00651-HCN<br><br>Hon. Howard C. Nielson, Jr. |
| KYLE GANNON, individually and on behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK,<br><br>Defendant. | Case No. 2:25-cv-00654-JNP-DAO<br><br>Hon. Jill N. Parrish |

1

The Court has reviewed the Unopposed Amended Joint Motion to Consolidate Cases (the "Motion") submitted by Jeffrey Alonzo Minter, Bertha Meza, Latise Savoy, Keeba Coucil, Raymond Delgado Sandoval, John Brooks, Ron Prosky and Kyle Gannon and has determined that consolidation of the related actions will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Federal Rule of Civil Procedure 42(a) and DUCivR 42-1, the Court hereby consolidates *Minter v. FinWise Bank et al.*, No. 2:25-cv-00569-JNP-CMR; *Meza et al. v. FinWise Bank*, No. 2:25-cv-00636-DBP; *Coucil et al. v. FinWise Bank et al.*, No. 2:25-cv-00642-AMA-JCB; *Brooks v. FinWise Bank*, No. 2:25-cv-00645-CMR; *Prosky v. FinWise Bank et al.*, No. 2:25-cv-00651-HCN and *Gannon v. FinWise Bank*, No. 2:25-cv-00654-JNP-DAO, (each a "Related Action" and together the "Consolidated Action") under the docket number of this first filed case: 2:25-cv-00569-JNP-CMR ("Master Docket").

2. No further filings shall be made in case nos. 2:25-cv-00636-DBP, No. 2:25-cv-00642-AMA-JCB, No. 2:25-cv-00645-CMR, No. 2:25-cv-00651-HCN, or No. 2:25-cv-00654-JNP-DAO which shall be administratively closed.

3. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes, and administratively terminated.

4. The Consolidated Complaint shall be filed within 45 days of entry of this Order. Defendants shall have 45 days to file an answer or otherwise respond. If Defendants file a motion to dismiss, the Parties shall meet and confer and submit an agreed upon schedule for briefing any such motion.

5. Defendants are relieved from responding to any of the complaints initially filed in the Consolidated Actions.

**SO ORDERED.**

Dated: _____, 2025

_____
Hon. Jill N. Parrish
United States District Judge